THE HUB

*v.*

JOHN J. HANBERG, County Treasurer.

*Opinion filed June 23, 1904—Rehearing denied October 11, 1904.*

1. TAXES—*tax upon capital stock of corporation is a tax upon property.* The tax upon the capital stock and franchise of a corporation is a tax upon property, and not a tax upon occupation.

2. SAME—*providing different assessors for different classes of corporations does not violate rule of uniformity.* The statutory requirement that capital stock and franchises of certain enumerated corporations shall be assessed by the board of equalization while the capital stock and franchises of other corporations are to be assessed by the local assessors is not a violation of the constitutional rule of uniformity.

3. SAME—*statutory provision requiring property of certain corporations to be assessed same as individuals, construed.* The corporations named in the last proviso to paragraph 4 of section 3 of the Revenue act are liable to taxation upon their capital stock and franchises the same as are the corporations the duty of assessing which devolves upon the State Board of Equalization, the difference being that the former are to be assessed by the local assessors. (*People* v. *Ward*, 105 Ill. 620, and *Pacific Hotel Co.* v. *Lieb*, 83 id. 602, explained.)

4. SAME—*duty of local assessor in assessing capital stock of corporations.* In fixing the valuation of the capital stock, including the franchises, of corporations for manufacturing purposes, etc., enumerated in the last proviso of paragraph 4 of section 3 of the Revenue act, the local assessor may obtain information of the same character that he is required to obtain where the assessment is to be made by the State board, and may, in making the assessment, follow the rules adopted by that board, or other proper method.

5. CONSTITUTIONAL LAW—*paragraph 4 of section 3 of Revenue act is constitutional.* Paragraph 4 of section 3 of the Revenue act, providing for the assessment of property of corporations, does not violate the rule of uniformity as to taxes established by sections 9 and 10 of article 9 of the constitution.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

Appellant, The Hub, filed a bill in the superior court of Cook county against John J. Hanberg, county treasurer of that county, to restrain him from collecting certain taxes which had been extended against it by the

county clerk of said county and for the collection of which appellee held a warrant. A temporary injunction was issued in compliance with the prayer of the bill. Afterwards a demurrer was interposed by the defendant to the bill and was sustained, and a decree was entered dismissing the bill for want of equity. The Hub appeals from that decree to this court.

The bill alleges that complainant is, and was on April 1, 1902, a corporation organized under the general incorporation laws of this State, with a capital stock of $300,-000, and engaged in business as a dealer in merchandise in the city of Chicago; that on April 1, 1902, its tangible property was assessed by the local board of assessors and board of review, and that taxes were extended by the county clerk of Cook county on such assessment, which were subsequently paid; that the State Board of Equalization, at its session held in 1902, in compliance with the fourth clause of section 3 of the Revenue act, assessed the capital stock of certain corporations, including complainant, and fixed the fair cash value of complainant's capital stock, including its franchise, at $527,930 and the assessed value at $105,586; that said board deducted from this latter amount $65,586, being the assessed value of complainant's tangible property as fixed by the local assessor of Cook county, leaving a balance of $40,000 as the assessed value of the capital stock, including the franchise, over and above the assessed value of its tangible property, and certified the same to the county clerk of Cook county, who, in compliance with section 128 of the Revenue act, extended taxes upon said $40,000 at the rate levied for State, county, city, library, educational, sanitary district and park purposes; that complainant has paid the taxes extended on said $40,000 which were levied for State and county purposes, but has refused to pay those so levied and extended for the other purposes above enumerated. The bill then sets out that the State Board of Equaliza-

tion made no assessment upon the capital stock of corporations organized for purely manufacturing purposes, for printing and publishing of newspapers, for improving and breeding of stock or for mining and sale of coal; that such corporations constitute a large portion of those organized under the general Incorporation act of this State and derive large profits from the business in which they are engaged, and that the value of the capital stock of such companies, including the franchise, is far above the value of the tangible property owned by them; that many of such corporations have their principal offices and tangible property in the city of Chicago, county of Cook and within the limits of the other municipalities for whose benefit taxes have been levied and extended against the $40,000 as above set forth, and that such companies enjoy the protection and benefits afforded by said municipalities, the same as complainant; that by reason of the matters above set forth, complainant and other corporations whose capital stock has been assessed by the State Board of Equalization are discriminated against and pay more than their proportionate share of taxes. The bill then charges that such laws as provide for the levy, extension and collection of taxes, other than those for State and county purposes, upon assessments of capital stock made by the State Board of Equalization, are unconstitutional and void; that the taxes herein complained of are illegal, and prays that the defendant may be perpetually enjoined from collecting the same.

Appellant contends that so much of section 128 of the Revenue act as authorizes the county clerk to extend municipal taxes upon the capital stock assessments made by the State Board of Equalization is in conflict with sections 9 and 10 of article 9 of the constitution of this State; that therefore the taxes extended on the $40,000 for city, library, educational, sanitary district and park purposes are void, and that complainant is entitled to the relief sought by the bill herein.

DUPEE, JUDAH, WILLARD & WOLF, and JULIUS A. JOHNSON, for appellant:

The statute granting authority to the State Board of Equalization to make assessments of capital stock, including the franchise, provides for assessments that are lacking in uniformity, since the language itself shows that some corporations are to pay on their capital stock, including the franchise, and on their tangible property also, while others pay on their tangible property only and are not taxable on their capital stock by the State board. *Distilling Co.* v. *People*, 161 Ill. 102; *Sterling Gas Co.* v. *Higby*, 134 id. 561; *Coal Co.* v. *Finlen*, 124 id. 666; *Ottawa Gas Light Co.* v. *Downey*, 127 id. 201.

The statute goes further than to cause inequalities in the assessment of capital stock. It practically exempts a large class of property from the payment of all taxes whatever. The capital stock tax is a tax on property. *Sterling Gas Co.* v. *Higby*, 134 Ill. 563; *Porter* v. *Railroad Co.* 76 id. 561.

The statute, by granting the State Board of Equalization power to assess some corporations on their capital stock and franchise and exempting others from such assessment, violates sections 9 and 10 of article 9 of the constitution. *Primm* v. *Belleville*, 59 Ill. 143; *Dunham* v. *Chicago*, 55 id. 361; *People* v. *Barger*, 62 id. 452; *Raymond* v. *Insurance Co.* 196 id. 341; *People* v. *Lippincott*, 65 id. 548; *Sleight* v. *People*, 74 id. 49.

Sections 9 and 10 of article 9 of the constitution govern municipal taxation exclusively. Section 1 of article 9 governs State (including county) taxes exclusively, and in nowise refers to or affects taxes levied by municipalities. The taxes complained of here, being municipal taxes only, cannot, therefore, be sustained under section 1. This construction is sustained by the history of State legislation on the subject of revenue. Laws of 1819, p. 322; Laws of 1822, "Licenses;" Rev. Stat. 1833, pp. 302, 595; Laws of 1830, p. 789; Rev. Stat. 1833, p. 582;

Laws of 1841, p. 178; Rev. Stat. 1845, "Licenses;" Rev. Stat. 1869, "Licenses" and "Insurance."

Counties are not municipalities, but subdivisions of the State, and are governed by section 1 of article 9 of the constitution. *Wetherell* v. *Devine,* 116 Ill. 639; *Raymond* v. *Insurance Co.* 196 id. 342.

That section 1 refers to State taxes exclusively and sections 9 and 10 refer to municipal taxes exclusively is decided in *Raymond* v. *Insurance Co.* 196 Ill. 341; *Braun* v. *Chicago,* 110 id. 192; *Wetherell* v. *Devine,* 116 id. 639.

JAMES H. WILKERSON, County Attorney, WILLIAM F. STRUCKMANN, Assistant County Attorney, and FRANK L. SHEPARD, for appellee:

All property, except such as may be exempted under section 3 of article 9 of the constitution, is subject to assessment for purposes of taxation. The General Assembly has provided in the general revenue law for uniform, full assessment of all such property. Const. art. 9, sec. 1; Rev. Stat. chap. 120.

It was competent for the General Assembly to establish the board of assessors and board of review and the State Board of Equalization for the valuation and assessment of property for taxation, and to define the jurisdiction of each tribunal. *Porter* v. *Railroad Co.* 76 Ill. 561; *State Railroad Tax Cases,* 92 U. S. 575; *Coal Co.* v. *Finlen,* 124 Ill. 666; *Ottawa Gas Light Co.* v. *Downey,* 127 id. 201; *Sterling Gas Co.* v. *Higby,* 134 id. 557; *Hotel Co.* v. *Lieb,* 83 id. 602; *Distilling Co.* v. *People,* 161 id. 101; *Raymond* v. *Insurance Co.* 196 id. 329.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Sections 1, 9 and 10 of article 9 of the constitution of 1870 read as follows:

"Sec. 1. The General Assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a

tax in proportion to the value of his, her or its property—such value to be ascertained by some person or persons, to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise; but the General Assembly shall have power to tax peddlers, auctioneers, brokers, hawkers, merchants, commission merchants, showmen, jugglers, inn-keepers, grocery keepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, vendors of patents, and persons or corporations owning or using franchises and privileges, in such manner as it shall from time to time direct by general law, uniform as to the class upon which it operates.

"Sec. 9. The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes; but such taxes shall be uniform in respect to persons and property, within the jurisdiction of the body imposing the same.

"Sec. 10. The General Assembly shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes, but shall require that all the taxable property within the limits of municipal corporations shall be taxed for the payment of debts contracted under authority of law, such taxes to be uniform in respect to persons and property, within the jurisdiction of the body imposing the same. Private property shall not be liable to be taken or sold for the payment of the corporate debts of a municipal corporation."

Paragraph 4 of section 3 of chapter 120, Hurd's Revised Statutes of 1903, reads:

"The capital stock of all companies and associations now or hereafter created under the laws of this State

except those required to be assessed by the local assessors, as hereinafter provided shall be so valued by the State Board of Equalization as to ascertain and determine respectively, the fair cash value of such capital stock, including the franchise, over and above the assessed value of the tangible property of such company or association; such board shall adopt such rules and principles for ascertaining the fair cash value of such capital stock, as to it may seem equitable and just, and such rules and principles when so adopted, if not inconsistent with this act, shall be as binding and of the same effect as if contained in this act, subject however, to such change, alteration or amendment as may be found from time to time, to be necessary by said board: *Provided,* that in all cases where the tangible property or capital stock of any company or association is assessed under this act, the shares of capital stock of such company or association shall not be assessed or taxed in this State. This clause shall not apply to the capital stock, or shares of capital stock of banks organized under the general banking laws of this State or under any special charter heretofore granted by the legislature of this State: *Provided, further,* that companies and associations organized for purely manufacturing purposes or for the mining and sale of coal, or printing or for publishing of newspapers or for the improving and breeding of stock, shall be assessed by the local assessors in like manner as the property of individuals is required to be assessed."

Section 128 of the same chapter is:

"All State taxes shall be extended by the respective county clerks upon the property in their counties upon the valuation produced by the equalization and assessment of property by the State Board of Equalization. All other taxes shall be extended upon the valuation produced by the equalization and assessment of property by the county board of review, and all property originally assessed by the State Board of Equalization. In the ex-

tension of taxes the fraction of a cent shall be extended as one cent."

It is urged that the section last quoted, in so far as it authorizes the county clerk to extend taxes, other than State and county taxes, upon assessments of capital stock of corporations, made by the State Board of Equalization, is unconstitutional. This conclusion is reached by appellant in this manner: Under the second clause of section 1 of article 9 of the constitution the power is given the General Assembly to tax corporations owning or using franchises and privileges in such manner as it shall from time to time direct by general law uniform as to the class upon which it operates, and it is said that taxes imposed in any such manner must be taxes for State purposes, including county purposes, only, and it is conceded that under the authority of *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, *Coal Run Coal Co.* v. *Finlen,* 124 id. 666, *Ottawa Gas Light and Coke Co.* v. *Downey,* 127 id. 201, and *Sterling Gas Co.* v. *Higby,* 134 id. 557, paragraph 4 above set forth is a proper exercise of the legislative power, so far as State taxes, in which the appellant includes county taxes, are concerned, for the reason that the constitution does not prohibit the legislature from placing certain specified corporations in one class and providing a uniform method of assessment for that class, and placing certain other specified corporations in another class and providing a uniform manner of assessment for that class different from that in the other class, and that the rule of uniformity established by section 1 of article 9 applies to the class and not to all corporations alike, and that consequently the provision of paragraph 4, *supra,* directing that certain corporations shall be assessed by the State Board of Equalization and that certain other corporations shall be assessed by the local assessor is a proper and constitutional division of corporations for the purpose of assessment, so far as the imposition of State and

county taxes is concerned, but it is insisted that this conclusion can be reached, and has heretofore been reached by this court, only by holding such division and classification of corporations authorized by the last clause of article 1, *supra.*

It will be observed that the legislature obtains its power to authorize municipal corporations to assess and collect taxes by sections 9 and 10, *supra;* that these sections contain no clause, as does section 1, authorizing the imposition of a tax, for the purposes of municipal corporations, on corporations owning or using franchises or privileges, in such manner as the legislature may from time to time direct, but, on the contrary, require the taxes imposed "to be uniform in respect to persons and property within the jurisdiction of the body imposing the same." Now it is said that one rule is laid down by the statute for the class of corporations required to be assessed by the State Board of Equalization; that by that rule the State board is "to ascertain and determine, respectively, the fair cash value of such capital stock, including the franchise, over and above the assessed value of the tangible property of such company or association," while corporations included in the last proviso to paragraph 4, *supra,* are to be assessed only in like manner as private individuals; and it is urged that the assessment of capital stock is an assessment that cannot be made against individuals; that it is an assessment in addition to an assessment that can be made against private individuals, who are to be assessed upon their tangible property only, and cannot be assessed upon capital stock. This, it is said, is a violation of the rule of uniformity fixed by sections 9 and 10, *supra,* which provide for the imposition of taxes by municipal corporations, and is only permissible as to State and county taxes by virtue of the last clause of section 1, *supra,* and that as no such clause is attached to sections 9 and 10 the law is unconstitutional, because it violates the rule of uni-

formity established in regard to taxes which are to be
assessed and collected by the authorities of municipal
corporations; and, consequently, as such a classification
is authorized for the purposes of assessing and collect-
ing taxes for State and county purposes, and is not au-
thorized for the assessment and collection of taxes for
other purposes, the statute authorizing the county clerk
to extend taxes upon assessments of capital stock made
by the State board is valid in so far as State and county
taxes are concerned, but invalid in so far as it directs
the extension of municipal taxes upon such assessments
of capital stock.

The real question is whether paragraph 4, *supra,* is a
violation of the provisions of sections 9 and 10 of article 9
of the constitution. The first portion of that paragraph
directs the State board to ascertain and determine the
fair cash value of the capital stock, including the fran-
chise, over and above the assessed value of the tangible
property of the company, and that value so ascertained
and determined finds its way to the assessment book, and
taxes are to be extended thereon in addition to the tax
upon the assessed value of the tangible property. We
have expressly held that the tax authorized by this para-
graph upon the capital stock and franchise is a tax upon
property, and not a tax upon an occupation. (*Sterling
Gas Co.* v. *Higby, supra; Raymond* v. *Hartford Fire Ins. Co.*
196 Ill. 329.) If there be any violation of the rule of uni-
formity in this paragraph, it must be by reason of the
fact that the State Board of Equalization is authorized to
assess the capital stock, including the franchise, of the
corporation which it assesses, while the local assessor
is not authorized to assess the capital stock, including
the franchise, of the corporation which he assesses.

Section 1 of chapter 120 provides for the assessment of
all real and personal property in this State; all moneys,
credits, bonds, stocks and other investments; the shares
of stock of incorporated companies and associations, and

all other personal property used, held, owned or controlled by persons residing in this State; the shares of capital stock of banks and banking companies doing business in this State; the capital stock of companies and associations incorporated under the laws of this State, except so much of the property in that section enumerated as may be by that act exempted. It will be perceived that the language is broad enough to include the capital stock of all corporations existing by virtue of the laws of Illinois. Section 6 of the same act provides that the personal property of a corporation shall be listed by the president or proper agent or officer thereof. Section 25 of the same act sets out the form of the schedule to be used in listing property with the local assessor, and provides that the same "shall truly and distinctly set forth: * * * Fourteenth—Every franchise, the description and the value thereof. * * * Thirty-first— The value of property of companies and corporations other than property hereinbefore enumerated. * * * Thirty-sixth—The value of all other property required to be listed." The language of the schedule is broad enough to comprehend the capital stock of a corporation, including the franchise.

The fact that this last proviso of paragraph 4, *supra*, requires the corporation to be assessed "in like manner as the property of individuals is required to be assessed," is without significance. The law requires the assessment of all property of the individual; the capital stock tax is a property tax; consequently the assessment of all the property of the corporation must cover the capital stock, including the franchise.

It is urged, however, that the only provisions found in the statute expressly providing for listing the capital stock of corporations organized under the general laws of this State are found in sections 32 and 33 of chapter 120, and that by those sections the corporation is ordered to deliver to the assessor a sworn statement of the amount

of its capital stock, with certain particulars; the assessor is ordered to deliver this statement to the county clerk; the county clerk is to forward it to the Auditor, and the Auditor is to lay it before the State Board of Equalization, which shall value and assess the capital stock in the manner provided in the act, and the conclusion is drawn that as this is the only method expressly provided for listing capital stock of such corporations, it was not the design of the legislature to have capital stock assessed by any assessing power except the State board, and that, consequently, there is no provision for assessing capital stock of corporations that are to be assessed by the local assessor. The condition of the statute, in this regard, we think, is explained by the fact that sections 32 and 33, *supra*, were part of the original Revenue act passed in 1872. Paragraph 4, *supra*, as contained in the original act, did not have the last proviso attached. That proviso was enacted later, and the various corporations named therein were inserted by different amendments, so that when the act was first passed there was no occasion for providing for the assessment of capital stock by any method other than that which would enable the State Board of Equalization to fix its value, because under that act, as first passed, it was the duty of that board to assess the capital stock of all corporations organized under the law of the State which are now included in this second proviso. When the duty of assessing the capital stock of certain corporations was taken from that board, the legislature did not expressly provide any method by which the local assessor should list and value such capital stock. Sections 26 and 80 of chapter 120, *supra*, confer upon the local assessor, however, power to ascertain, under oath, all facts necessary to enable him to intelligently assess the capital stock, including the franchise, of a corporation, and in view of the fact that the assessment of the capital stock, including the franchise, is an assessment of property, it would seem that

the statute requires such property of corporations named in the last proviso to paragraph 4, *supra*, to be assessed by the local assessor.

While the constitution, by sections 9 and 10 of article 9, provides that the taxes shall be uniform in respect to persons and property, there is nothing in the constitution which prohibits the legislature from providing one method for determining the value of the property, including capital stock, of corporations of one class, and a different method for determining the value of the property, including capital stock, of corporations of a different class. It is manifest that the State board would have better facilities for determining the value of the capital stock, including the franchise, of a corporation whose possessions are located in several counties, while the local assessor or board of assessors could better ascertain the value of the capital stock of a corporation all of whose property is to be found within one township.

We hold that it is the duty of the local assessor to assess the fair cash value of the capital stock, including the franchise, over and above the assessed value of the tangible property of every corporation named in the last proviso to section 4, *supra*, and this duty falls upon the local assessing officer or officers for the township in which the principal office of the corporation is located, and that the corporations named in that proviso are liable to taxation upon their capital stock, including the franchise, precisely as are other corporations organized for pecuniary profit, the duty of assessing which is vested in the State board. The only difference is, that in one instance the assessment is to be made by the local assessor and in the other it is to be made by the State Board of Equalization; and in fixing this valuation the local assessor may obtain from the proper officer of the corporation information of the same character that he is required to obtain where the assessment is to be made by the State board, and may follow, so far as practicable, the rules

adopted by that board as set out in the case of *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co. supra,* or may follow any other appropriate method within the powers given him by the statute, that will lead to the assessment of the capital stock, including the franchise, of each corporation which he is authorized to assess.

Reliance has been placed upon the cases of *People ex rel.* v. *Ward,* 105 Ill. 620, and *Pacific Hotel Co.* v. *Lieb,* 83 id. 602, and it is said that in both of these cases it was held that the local assessor was without authority to assess capital stock. The corporation under consideration in each of those cases was one the capital stock of which was assessable by the State board, and the language used must be limited to the capital stock of such corporations.

It follows that paragraph 4, *supra,* does not violate the rule of uniformity established by sections 9 and 10 of article 9 of the constitution of 1870.

The decree of the superior court will be affirmed.

*Decree affirmed.*