THE CONSOLIDATED COAL COMPANY, Appellant, *vs.* A. A. MILLER *et al.* Appellees.

*Opinion filed October 26, 1908.*

1. CONSTITUTIONAL LAW—*enumeration of property which may be exempted excludes all other property.* The enumeration, in section 3 of article 9 of the constitution, of the property which may be exempted from taxation is a limitation upon the power of the legislature to exempt any other property, either by a general or special law.

2. SAME—*provision of Revenue act exempting capital stock of certain corporations from taxation is void.* The provision of paragraph 4 of section 1 of the Revenue act, as amended in 1905, (Laws of 1905, p. 353,) which purports to exempt from taxation the capital stock of certain enumerated corporations, including corporations for mining and sale of coal, is unconstitutional and void.

3. TAXES—*capital stock of corporation may be assessed by local assessor to corporation itself.* The capital stock of a corporation and the shares of stock represent the same thing,—the money invested in the corporation,—and the legislature may decide the manner in which that property shall be valued and the manner in which the tax shall be levied; and under paragraph 4 of section 1 of the Revenue act, as amended in 1905, the value of the capital stock, including the franchise, is lawfully assessed by the local assessor to the corporation itself.

APPEAL from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

FORMAN & WHITNEL, for appellant:

Where the classification made by a statute rests upon a reasonable basis and does not arbitrarily discriminate between persons in the same situation the statute is valid. *Lasher* v. *People,* 183 Ill. 226.

The act here is a general act. The provision is a part of the Revenue act, and the law of this State is, that even a privilege special in its character may be granted if done by the general act. *Munn* v. *People,* 69 Ill. 80.

The power of the legislature to enact statutes is plenary except in so far as it is limited by the constitution, and a

statute will not be held unconstitutional unless it is clearly violative of some express constitutional provision. *Kyle* v. *People,* 226 Ill. 619.

The capital stock of a corporation and the shares of stock represent the same thing. *Loan Ass.* v. *Keith,* 153 Ill. 620; *In re St. Louis Loan Co.* 194 id. 614.

The holders of certificates of stock own the capital stock; the corporation itself owns the property that stands in the name of the company. The two interests are separate. *Loan Ass.* v. *Keith,* 153 Ill. 620.

To tax the company on the property and also on the capital stock would be double taxation. *In re St. Louis Loan Co.* 194 Ill. 614.

If the shares of capital stock are assessable at all, it can only be as the property of the individuals holding same. *In re St. Louis Loan Co.* 194 Ill. 609.

W. H. STEAD, Attorney General, and F. J. TECKLEN-BURG, State's Attorney, for appellees:

The act in question is class legislation. Const. of 1870, art. 4, pars. 22, 23.

The capital stock of a corporation and the shares of stock therein represent the same thing. *Loan Ass.* v. *Keith,* 153 Ill. 620; *In re St. Louis Loan Co.* 194 id. 614.

The shares of stock of associations and corporations incorporated under the laws of this State cannot be taxed. *Porter* v. *Railroad Co.* 76 Ill. 570.

Every person and corporation shall pay a tax in proportion to the value of his, her or its property. Const. art. 9, sec. 1; *Railroad Co.* v. *Weber,* 96 Ill. 443.

The legislature had no power to exempt this property from taxation. Const. art. 9, sec. 3; *Bank* v. *Kinsella,* 201 Ill. 31; *Loan Ass.* v. *Keith,* 153 id. 609.

Any act which exempts property from taxation must be strictly construed. It devolves upon those claiming the property to be exempt to clearly show that it comes within the constitutional exemption. *People* v. *Railway Co.* 138

Ill. 85; *In re Swigert,* 123 id. 267; *County of Adams* v. *Quincy,* 130 id. 578; 2 Dillon on Mun. Corp. secs. 776, 777; Cooley on Taxation, (1st ed.) 146.

The constitution enumerates (art. 9, sec. 3,) what property may be exempted from taxation by the legislature. This enumeration of specified things which may be exempted excludes all others not therein mentioned. *Loan Ass.* v. *Keith,* 153 Ill. 609.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Consolidated Coal Company of St. Louis, is a corporation organized under the laws of this State for the purpose of mining and selling coal, and the shares of its capital stock are owned by different individuals. The local assessor in St. Clair county assessed, as the property of the appellant, its capital stock at a valuation of $25,000 for the year 1907 and the board of review of the county confirmed the assessment. Thereupon appellant presented to a judge of the circuit court of the said county its bill in this case for an injunction restraining the appellees, the county clerk and his deputies, from extending upon the tax books any taxes against the appellant on such capital stock, and a temporary injunction was ordered, issued and served. At the January term, 1908, of the circuit court the appellees appeared and filed their demurrer to the bill, which was sustained by the court and the bill was dismissed. The appellant excepted and by appeal brings the cause to this court.

Section 1 of the Revenue act provides that the property named therein shall be assessed and taxed, except so much thereof as may be in said act exempted, and it contains in four paragraphs an enumeration of different kinds and classes of property. The fourth paragraph, as amended by the act in force July 1, 1905, is as follows: "The capital stock of companies and associations incorporated under the

laws of this State, except companies and associations organized for purely manufacturing and mercantile purposes, or for either of such purposes, or for the mining and sale of coal, or for printing, or for the publishing of newspapers, or for the improving and breeding of stock." (Laws of 1905, p. 353.) The bill of complaint alleged that the capital stock of appellant is exempted from taxation under and by virtue of that paragraph of the Revenue act, and one ground of demurrer was that the exception in favor of the appellant and certain other corporations is null and void, as in violation of the constitution.

Section 1 of article 9 of the constitution provides that "the General Assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property." Section 3 of the same article authorizes the legislature to exempt from taxation, by general law, certain kinds of property, as follows: "The property of the State, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law."

In the construction of statutes the rule is, that an enumeration of certain specified things excludes all others not therein mentioned, and in the case of *People's Loan and Homestead Ass. v. Keith,* 153 Ill. 609, that rule was applied to the enumeration in section 3 of certain specified property which may be exempted by general law, and it was there determined that such enumeration is a clear limitation upon the power of the legislature to exempt any other property. The capital stock of the appellant is property, (*The Hub v. Hanberg,* 211 Ill. 43,) and such capital stock does not come within the enumeration of property which the legislature is permitted to exempt from taxation.

It follows that the exception contained in paragraph 4 of section 1 of the Revenue act is in conflict with the constitution and void.

Counsel for appellant argue the question as though the limitation on the power of the legislature related to discrimination between persons or corporations in the same situation, and discuss the question whether the supposed classification of paragraph 4 rests upon a reasonable basis. It is not conceded that the argument is well founded or that the attempted exemption would not place an unequal burden of taxation on some property as against other property; but that is not the criterion for determining what the legislature are authorized to do. If there is an exemption of property within the classes enumerated in the constitution it must be by general law, but authority is denied to the legislature by the constitution to exempt any property except that which is enumerated, by any form of legislation, general or special. Any exemption from the rule of equality established by section 1 of article 9 outside of the kinds of property enumerated in section 3 of that article is absolutely prohibited.

Counsel for appellant further contend that the holders of certificates of stock own the capital stock of the corporation while the corporation owns its tangible property, and if the capital stock is assessable at all it can only be assessed by listing the shares as the property of the individuals owning them. The capital stock of a corporation is the money contributed by the corporators to the capital, and the capital stock belongs to the corporation. According to the bill the capital stock of appellant is represented by shares issued to the subscribers to the stock, and these shares are the property of the individual shareholders, as evidenced by stock certificates. The shareholder is entitled to participate in the net profits earned by the corporation in the employment of its capital, and, upon its dissolution, to his proportion of the property of the corporation that may remain

after the payment of its debts. The shares have no value independently of the interest they represent in the franchise and property of the corporation. (*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561.) In the case of *People's Loan and Homestead Ass.* v. *Keith, supra,* on page 620 it was said: "While it may be conceded that the interest of a corporation in the corporate property and the interest of the stockholder in the corporation are separate interests, yet in reality they both represent one thing,—the money invested in the corporation by those who organized and created it." The legislature may decide the manner in which that property may be valued and the manner in which the tax may be levied. (*In re St. Louis Loan and Investment Co.* 194 Ill. 609.) The legislature having exercised lawful authority by selecting the method of reaching the result, the value of the capital stock, including the franchise, is lawfully assessed by local assessors and to the corporation itself. *The Hub* v. *Hanberg, supra.*

The decision of the court on the demurrer was correct and the decree dismissing the bill is affirmed.

*Decree affirmed.*