(No. 21462.—

THE PEOPLE *ex rel.* Herman Hansen, Appellant, *vs.* RICH-
ARD J. COLLINS *et al.* Appellees.

*Opinion filed February 23, 1933.*

JAMES G. CULBERTSON, (ROBERT E. KINNARE, of counsel,) for appellant.

WILLIAM H. SEXTON, Corporation Counsel, and FRANCIS J. VURPILLAT, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Herman Hansen, by an amended petition for a writ of *mandamus* filed in the circuit court of Cook county, sought to compel Richard J. Collins, Joseph P. Geary and Leonard D. White, civil service commissioners of the city of Chicago, to give him and other discharged veterans of the United States army and navy preferences in appointment and employment in the classified civil service of the city. A demurrer to the petition, interposed by the commissioners, was overruled. The commissioners elected to abide by their demurrer and judgment was entered awarding the writ of *mandamus* in conformity with the prayer of the petition. From that judgment the commissioners prosecuted an appeal to the Appellate Court for the First District. The Appellate Court reversed the judgment of the circuit court and remanded the cause with directions to sustain the demurrer to the petition. Upon Hansen's petition, the Appellate Court, certifying the grounds therefor, allowed a further appeal to this court.

The appellant, Herman Hansen, was in the naval service of the United States during the years 1918 and 1919 and received an honorable discharge therefrom. On May 25, 1925, he passed an examination for employment as a

carpenter in grade 3, class "K," branch 2, of the civil service. Other veterans took the same examination, and the names of the successful candidates, including Hansen's, were placed upon the eligible list. Hansen was certified for employment as a carpenter and served the probationary period of six months. Prior to the date of the examination passed by Hansen other examinations for carpenters of the same class and grade had been held; the successful applicants had been certified for appointment and they had served a like probationary period.

It is alleged in the petition that, notwithstanding Hansen performed his duties as a carpenter faithfully and to the satisfaction of his superiors, he was several times directed to cease work temporarily and later recalled; that on each of these occasions, men who were not veterans were retained in the civil service as carpenters, and that, if the appellant had been preferred not only for appointment, but also for employment, he would have remained at work continuously from the date of his original certification. The appellant charges in his petition that, regardless of priority in entering the service, veterans should be the last to be temporarily discharged and the first to be recalled to work.

The ultimate question presented is whether the preferences given to veterans who pass the requisite examination are confined to appointments in the classified civil service and the allowance of additional credits in examinations for promotions, or whether such preferences also include, whenever temporary discharges from work become necessary, the retention of veterans in their employment to the exclusion of all other employees in the same class and grade of the civil service, irrespective of their priority in appointment or greater period of service. The determination of this question requires a review of the pertinent provisions of the act to regulate the civil service of cities. Cahill's Stat. 1931, p. 473; Smith's Stat. 1931, p. 666.

Section 4 requires the civil service commission to make rules to carry out the purposes of the act. By the same section, the commission is authorized from time to time to make changes in the original rules. Section 10½ provides that "Persons who were engaged in the military or naval service of the United States during the year 1861, 1862, 1863, 1864, 1865, 1898, 1899, 1900, 1901, 1902, 1914, 1915, 1916, 1917, 1918 or 1919, and who were honorably discharged therefrom, and all persons who were engaged in such military or naval service during any of said years, who are now or may hereafter be on inactive or reserve duty in such military or naval service, not including, however, persons who were convicted by court martial of disobedience of orders, where such disobedience consisted in the refusal to perform military service on the ground of alleged religious or conscientious objections against war, shall be preferred for appointments to civil offices, provided they are found to possess the business capacity necessary for the proper discharge of the duties of such office, and it shall be the duty of the examiner or commissioner certifying the list of eligibles who have taken the examinations provided for in this act, to place the name or names of such persons at the head of the list of eligibles certified for appointment * * * ". The remainder of the section concerns promotional examinations and the conditions under which, in such examinations, additional credits are given. This portion of section 10½ has no relation to the present inquiry.

The commission, pursuant to the requirement of section 4 of the Civil Service act, adopted certain rules. The first section of rule 9, set forth in the petition of the appellant, provides: "Whenever it becomes necessary, through lack of work or funds, or for other cause, to reduce the force in any employment, the person who was last certified to such employment shall be the first laid off. Employment

in such cases of lay-off shall mean a force under one general head and the commission shall determine the facts relating thereto. Persons laid off in accordance with the foregoing procedure shall be entitled to have their names placed at the head of a reinstatement list, according to the seniority of their certifications."

By section 10½ of the Civil Service act, persons who were engaged in the military or naval service of the United States during the years enumerated and who meet the other requirements prescribed, "shall be preferred for appointments to civil offices" and, in examinations for promotions in the classified service, shall receive additional credits upon a basis defined in the section. These two preferences, and none other, are given to qualified veterans by the statute. The first upon which the determination of the issue in this case depends, is "for appointments to," not retention in, civil offices. This limitation is emphasized because the same section makes it the duty of the certifying examiner or commissioner to place the name or names of the successful veterans at the head of the list of eligibles certified "for appointment." There is neither statutory provision nor implication giving a preference to veterans over other employees who are strangers to the military or naval service, either to retain employment whenever the necessity for temporary discharges from work arises, or to be recalled before such other employees whenever the necessity for temporary releases from employment ceases.

It is a general principle of statutory interpretation that the enumeration of certain things implies the exclusion of all other things. (*United States* v. *Arredondo,* 6 Pet. 691; *Sturges* v. *Collector,* 12 Wall. 19; *Arthur* v. *Cunning,* 91 U. S. 362; *Walla Walla* v. *Walla Walla Water Co.* 172 id. 1; *Consolidated Coal Co.* v. *Miller,* 236 Ill. 149; *People's Loan and Homestead Ass'n* v. *Keith,* 153 id. 609). If the legislature had intended to give a preference to veterans not only to obtain employment in the civil service, but

also to retain it as against all other employees, without regard to their seniority in service, a provision to that effect would have been incorporated in the statute. This omission is indicative of the legislative intention not to confer the preference of retention in employment claimed by the appellant. The judicial department has no power by interpretation to incorporate into a statute a provision which it does not contain. Such a change or addition can be effected only by a legislative enactment.

Section 1 of rule 9, adopted by the commission pursuant to authority conferred by section 4 of the Civil Service act, provides that whenever it becomes necessary to reduce the force in any employment, the person who was last certified shall be the first to suffer a temporary dismissal from the service, and that the persons so discharged shall be entitled to precedence in reinstatement "according to the seniority of their certifications." This rule is not inconsistent with the provisions of section $10\frac{1}{2}$ and is within the power conferred by section 4 of the Civil Service act. It follows that, with respect to continued or uninterrupted employment, veterans are not preferred over other employees who are their seniors in service.

The appellant, however, to sustain his contention, relies upon certain cases decided by the courts of New York. The cases to which reference is made were governed by statutory provisions essentially different from section $10\frac{1}{2}$ of our Civil Service act, and for that reason cannot be persuasive in the decision of this case.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*