(No. 2706—

A. C. ROBB, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 12, 1936.*

DONOVAN D. McCARTY, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

For ten years prior to the filing of the complaint herein, claimant was engaged in the restaurant business in the City of Olney, Illinois. Just prior to May 1st, A. D. 1935 claimant sold beer in his said restaurant under a retailer's license issued by the Illinois Liquor Control Commission of this State, which said license expired April 30th, 1935.

On April 23d, 1935 claimant made application to said Commission for a renewal of his said license for the year commencing May 1st, 1935, and forwarded said application together with the required fee of $50.00, to said Commission. Said application was approved for license by said Commission on May 1st, 1935, and formal receipt therefor was duly issued and forwarded to claimant under date of May 9th, 1935.

Thereafter, to-wit, on May 22nd, 1935, license was duly issued to claimant in accordance with his previous application and the aforementioned approval thereof by said Commission.

On May 1st, 1935 claimant ceased selling beer in his restaurant on account of the fact that a review of his previous year's business showed no profit from handling the same, and has not sold any since that date.

Prior to the issuance of said license by the Liquor Control Commission as aforesaid, and on, to-wit, May 11th, 1935, claimant applied to said Commission for a refund of the license fee theretofore paid by him. Such application for refund was denied by the Commission for the reason that, under the facts in this case, it had no authority pursuant to the statute to make such refund.

Under the terms and provisions of the Illinois Liquor Control Act (State Bar Association Revised Statutes of 1935, Chapter 43), provision is made for a refund in the following cases, to-wit:

(1) Where the application is denied. (Art. 7, Sec. 2.).

(2) In case of the death, insolvency or bankruptcy of the licensee, where the unexpired term exceeds the allowable operating period provided for under the statute (Art. 6, Sec. 1).

(3) Where the political subdivision, district, precinct or group of precincts in which the licensed premises are situated

becomes prohibition territory during the term of the license (Art. 9, Sec. 16).

The foregoing are the only contingencies in which refunds are authorized by the Liquor Control Act. We must assume, therefore, that it was the intention of the Legislature that refunds should not be made in any other cases. If the Legislature had intended to authorize refunds in any cases other than those above mentioned, we must assume that specific provision therefor would have been made in the Act.

It is a general principle of statutory interpretation that the enumeration of certain specified things implies the exclusion of all others not therein mentioned. *People* vs. *Collins,* 351 Ill. 551-555; *Consolidated Coal Co.* vs. *Miller,* 236 Ill. 149-152; *People's Loan and Homestead Assn.* vs. *Keith,* 153 Ill. 609-618.

Furthermore, the general rule of law appears to be that a licensee, upon the voluntary surrender of his license or certificate, is not entitled to a rebate or refund of the license fee paid by him in the absence of a statute expressly authorizing such rebate or such refund. The rule is set forth in 33 Corpus Juris, page 572, Section 180, as follows:

"A licensee or holder of a liquor tax certificate, upon the voluntary surrender of his license or certificate, is not, in the absence of a statute, entitled to a rebate for the unexpired portion of his license or certificate. But in some jurisdictions provision has been made by statute for a rebate in such cases."

And in 37 Corpus Juris, page 255, Section 130:

"Where the fee or tax which has been paid was not illegal or unauthorized, it cannot be recovered back irrespective of whether its payment was voluntary or involuntary, and although the method of its collection was irregular."

In 15 R. C. L., p. 315, Sec. 76, the rule is stated in the following language:

"It seems to be well settled that ordinarily a licensee does not on the voluntary surrender of his license, become entitled to the return of the license fee, in proportion to the unexpired term, in the absence of a statutory enactment to the contrary."

The statute does not authorize a refund under the facts in this case, and under the law as above set forth, we have no authority to allow an award.

Award denied. Case dismissed.