(No. 2983— )

JULIUS STONE, DOING BUSINESS AS MIDWEST LIQUOR COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1941.*

J. H. JOHSTON, for claimant.

GEORGE F. BARRETT, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The Complaint herein alleges in substance that on or about August 1st, 1936, claimant intended to engage in the liquor business as an importing distributor at 1330 Broadway, Rockford, Illinois, and to that end paid a license fee in the amount of $229.17 and received in return a license issued by the Illinois Liquor Commission under date of August 3rd, 1936, which license expires June 30th, 1937; that immediately after the receipt of such license the claimant abandoned his intention of engaging in business as an importing distributor of alcoholic liquors in this State and never in fact at any time became engaged in said business, nor is he now engaged

therein, nor does he in the future at any time prior to the expiration of such license, intend to engage directly or indirectly in business as an importing distributor in the State of Illinois, for the reason that the status of his finances and the condition of his health suffered a change subsequent to the issuance of the license and before he had engaged in any business activity as an importing distributor;—that by reason of the foregoing he asks for a refund of the license fee paid by him for such license.

The Attorney General has entered a motion to dismiss the case.

In the case of *Robb* vs. *State,* 9 C. C. R. 156, the facts were practically identical with the case at bar, and in disposing of the question there involved, this court said, page 157:

"Under the terms and provisions of the Illinois Liquor Control Act (State Bar Association Revised Statutes of 1935, Chapter 43), provision is made for a refund in the following cases, to wit:

(1) Where the application is denied. (Art. 7, Sec. 2.)

(2) In case of the death, insolvency or bankruptcy of the licensee, where the unexpired term exceeds the allowable operating period provided for under the statute (Art. 6, Sec. 1).

(3) Where the political subdivision, district, precinct or group of precincts in which the licensed premises are situated becomes prohibition territory during the term of the license (Art. 9, Sec. 16).

The foregoing are the only contingencies in which refunds are authorized by the Liquor Control Act. We must assume, therefore, that it was the intention of the Legislature that refunds should not be made in any other cases. If the Legislature had intended to authorize refunds in any cases other than those above mentioned, we must assume that specific provision therefor would have been made in the Act.

It is a general principle of statutory interpretation that the enumeration of certain specified things implies the exclusion of all others not therein mentioned. *People* vs. *Collins,* 351 Ill. 551-555; *Consolidated Coal Co.* vs. *Miller,* 236 Ill. 149-152; *People's Loan and Homestead Assn.* vs. *Keith,* 153 Ill. 609-618.

Furthermore, the general rule of law appears to be that a licensee, upon the voluntary surrender of his license or certification, is not entitled to a rebate or refund of the license fee paid by him in the absence of a statute expressly authorizing such rebate or such refund. The rule is set forth in 33 Corpus Juris, page 572, Section 180, as follows:

"A licensee or holder of a liquor tax certificate, upon the voluntary surrender of his license or certificate, is not, in the absence of a statute, entitled to a rebate for the unexpired portion of his license or certificate. But in some jurisdictions provision has been made by statute for a rebate in such cases."

And in 37 Corpus Juris, page 255, Section 130:

"Where the fee or tax which has been paid was not illegal or unauthorized, it cannot be recovered back irrespective of whether its pay-

ment was voluntary or involuntary, and although the method of its collection was irregular."

In 15 R. C. L., p. 315, Sec. 76, the rule is stated in the following language:

"It seems to be well settled that ordinarily a licensee does not on the voluntary surrender of his license, become entitled to the return of the license fee, in proportion to the unexpired term, in the absence of a statutory enactment to the contrary."

The statute does not authorize a refund under the facts in this case, and under the law as above set forth, we have no authority to allow an award."

A similar conclusion was reached in the following cases: *Samuel Block* vs. *State*, 9 C. C. R. 453; *Emil Kellner & Co.* vs. *State*, 9 C. C. R. 465; and S. A. Beals doing business as *Wilson-Hazel Drug Co.* vs. *State*, 9 C. C. R. 456.

Under the rule as set forth in the cases cited, we have no authority to allow an award, and the motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed. Case dismissed.