THE DISTILLING AND CATTLE FEEDING COMPANY

*v.*

THE PEOPLE *ex rel.* Barnewolt, County Collector.

*Filed at Ottawa March 28, 1896.*

1. TAXES—*assessment of corporations—what is a manufacturing company.* A corporation formed to carry on the business of distilling, re-distilling, and rectifying highwines, alcohol, spirits, etc., and also to engage in feeding and dealing in cattle and other live stock, is not a manufacturing company, to be assessed by the local assessor instead of by the State Board of Equalization.

2. SAME—*amendment of charter of corporation as affecting assessment for taxation.* An amendment to the charter of a corporation, asked on May 1, the day on which the ownership of personal property fixes liability for taxation, cannot affect the liability of the company for taxation during that year by changing the character of the corporation, where the amendment is not filed for record, as required by statute to make it operative, until a subsequent day.

3. SAME—*assessment of capital stock—double taxation.* Assessment of the capital stock of a corporation does not amount to double taxation because of a tax already paid on tangible property which was represented by capital stock, where it does not appear that the stock assessed is not in excess of the value of the tangible property.

APPEAL from the County Court of Peoria county; the Hon. ROBERT H. LOVETT, Judge, presiding.

STEVENS, HORTON & ABBOTT, for appellant.

RICHARD J. COONEY, State's Attorney, and FRANK J. QUINN, Assistant State's Attorney, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment of the county court, rendered upon the application of the county collector against lot 8, block 15, in the original town of Peoria for the amount of the tax assessed by the State Board of Equalization upon the capital stock of the appellant company. Appellant refused to pay the tax, and the assessor returned it as a charge against said lot, which belongs to appellant. The objections filed by appellant to the application for judgment were overruled, and exception was taken. Appellant resists the payment of the tax, assessed against its capital stock by the State Board of Equalization, upon the alleged ground, that it is a corporation organized for purely manufacturing purposes.

If the appellant was, at the time its capital stock was assessed, a company organized for purely manufacturing purposes, then the board of equalization had no power to make the assessment. For, under clause 4 of section 3 of the Revenue act, "the capital stock, including the franchise, of all incorporations organized for pecuniary profit is required to be assessed by the State Board of Equalization, except corporations organized for purely manufacturing purposes, or for printing, or for the publishing of newspapers, or for the improving and breeding of stock, which are to be assessed by the local assessors, in the same manner as the property of individuals." (*Coal Run Coal Co.* v. *Finlen,* 124 Ill. 666; *Ottawa Gas Light and Coke Co.* v. *Downey,* 127 id. 201).

In order to determine whether the appellant company was organized for purely manufacturing purposes or not, it will be necessary to compare the language of its charter with the language of the statute upon this subject.

Said clause 4, so far as it is necessary to quote it for the purposes of this case, is as follows: "*Fourth,* the capital stock of all companies and associations now or

hereafter created under the laws of this State, (except those required to be assessed by the local assessors, as hereinafter provided,) shall be so valued by the State Board of Equalization as to ascertain and determine, respectively, the fair cash value of such capital stock, including the franchise, over and above the assessed value of the tangible property of such company or association: * * * *Provided*, that in all cases where the tangible property or capital stock * * * is assessed under this act, the shares of capital stock of any such company or association shall not be assessed or taxed in this State: * * * *Provided further*, that companies and associations organized for purely manufacturing purposes * * * shall be assessed by the local assessors in like manner as the property of individuals is required to be assessed."

The appellant company was incorporated under the general Incorporation act of this State on February 11, 1890, with a capital stock of $35,000,000.00. The object of its formation, as specified in clause 2 of its charter, was as follows: "The object for which it is formed is to carry on a general business of distilling, re-distilling, and rectifying highwines, alcohol, spirits, gins and whiskies of every kind and description, and deal in the same, in the State of Illinois and elsewhere, and owning the property necessary for that purpose; also to engage in feeding and dealing in cattle and other live stock; also malting, dealing in malt, and doing any other business incident to the main purpose of this corporation."

It goes without saying, that the purpose, for which a corporation is organized, must be ascertained by reference to the terms of its charter; and it seems to be clear, upon a careful examination of the terms of clause 2 of the charter as above quoted, that it was not organized for purely manufacturing purposes. "Feeding and dealing in cattle and other live stock" is not manufacturing. Under the clause which permits the company "to engage

in feeding and dealing in cattle and other live stock," it can buy and sell cattle and other live stock in such manner as it pleases, even to the extent of operating a butcher shop. We think that, upon a fair construction of the charter, the appellant company was not organized for purely manufacturing purposes, but for other purposes distinct and separate from pure manufacturing, and that, therefore, its capital stock was subject to taxation by the State Board of Equalization.

It is claimed, however, by appellant, that the objectionable feature of its charter, so far as it authorized it "to engage in feeding and dealing in cattle and other live stock," was obviated by an amendment to its charter passed by a meeting of the stockholders on May 1, 1894, and filed with the Secretary of State on May 10, 1894, and, after the latter date, filed with the recorder of deeds of Peoria county.

Section 2 of the charter, when changed by the amendment passed on May 1, 1894, was as follows:

"Sec. 2. The object for which it is formed is to carry on a general business of distilling, re-distilling, and rectifying highwines, alcohol, spirits, gins and whiskies of every kind and description, and dealing in the same, in the State of Illinois and elsewhere, and owning the property necessary for that purpose; also to engage in feeding its slop and refuse to cattle and other live stock; also malting, dealing in malt, and doing any other business incident to the main purpose of this corporation."

It is manifest, that the change made in the declared object of the formation of the corporation came too late for the present assessment, which is for the year 1894. The capital stock of a corporation is personal property, and is to be listed, valued and taxed as personal property. (*Cooper* v. *Corbin,* 105 Ill. 224). Taxes assessed on the capital stock of a corporation are a personal property tax. (*Parsons* v. *Gas Light and Coke Co.* 108 Ill. 380). Section 5 of the Revenue act (2 Starr & Cur. Stat. p. 2032)

provides, that personal property shall be listed with ref-
erence to the quantity held or owned on the first day of
May in the year for which the property is required to be
listed.    The certificate of the change in the object of the
formation of the corporation, verified by the affidavit of
the president, and under the seal of the corporation, is
required to be "filed for record in the office of the Secre-
tary of State, and a like certificate filed for record in the
office of the recorder of deeds of the county where the
principal business office of such corporation is located.
And upon the filing of said certificate, the    *    *    *
change of the object for which such corporation was
formed    *    *    *    shall be and is hereby declared ac-
complished in accordance with said vote of the stock-
holders." (3 Starr & Cur. Stat. secs. 1, 4, pp. 279-281).   In
the present case, the certificate was not filed in the office
of the Secretary of State until May 10, 1894, nor in the
recorder's office until after that date.    It follows, that
the change was not accomplished in time for the assess-
ment for 1894.

It is charged on behalf of the appellant, that the
property which the capital stock represented, had al-
ready been assessed by the local assessor, and that the
tax thereon had been paid, and that, therefore, the pres-
ent assessment amounts to double taxation.    Clause 4,
as above quoted, authorizes the board of equalization to
determine the fair cash value of the capital stock, includ-
ing the franchise, over and above the assessed value of
the tangible property.    It has been held, that an assess-
ment, by the board, of the capital stock of a corporation
for taxation by first ascertaining the market or fair cash
value of the shares of capital stock and the market or
fair cash value of its debts, exclusive of those for current
expenses, and adding these together, and taking from the
sum the equalized valuation of all its tangible property,
was proper, as showing the balance of the capital stock
over and above the assessed value of the tangible prop-

erty. (*Pacific Hotel Co.* v. *Lieb*, 83 Ill. 602; *Ottawa Glass Co.* v. *McCaleb*, 81 id. 556). We said in *Pacific Hotel Co.* v. *Lieb*, *supra:* "The assessed valuation of the tangible property is deducted to avoid double taxation, and, when this is done, the residue apparently represents only the valuation of the intangible property."

So far as we know to the contrary, the capital stock, in the case at bar, may have exceeded in value the tangible property, or real and personal property, assessed by the assessor. It may have appeared to the board of equalization by appropriate proof, that the stock assessed by it exceeded the value of the tangible property as locally assessed. The board had the right to compute the value, (*Ottawa Glass Co.* v. *McCaleb, supra*), and this court has held that, in the absence of any proof of fraud, the board will be presumed to have done its duty in this respect. (*Pacific Hotel Co.* v. *Lieb, supra; Coal Run Coal Co.* v. *Finlen, supra*). Hence, we do not think that the assessment of the capital stock, under the circumstances of the present case as disclosed by the record, can be regarded as amounting to double taxation.

Nothing herein said is to be construed as passing upon the legality or illegality of the organization of the appellant company, or as conflicting with the views expressed in *Distilling, etc. Co.* v. *People ex rel.* 156 Ill. 448. The question here discussed is merely whether the appellant, as it exists, and as appears upon the face of its charter, was organized for purely manufacturing purposes; and counsel have not discussed, nor have we considered, the character of the charter as to its validity.

The judgment of the county court is affirmed.

*Judgment affirmed.*