THE EVANSTON ELECTRIC ILLUMINATING COMPANY

*v.*

DANIEL H. KOCHERSPERGER *et al.*

*Opinion filed October 24, 1898.*

1. CORPORATIONS—*charter best indicates purpose for which corporation is organized.* The purpose for which a corporation is organized must be ascertained by reference to the terms of its charter.

2. TAXATION—*when capital stock is properly assessed by State Board of Equalization.* The capital stock and franchise of a corporation organized "to furnish light, heat and power for public and private uses" is properly assessed by the State Board of Equalization, and does not come within the proviso of section 3 of the Revenue act, as amended in 1893, (Laws of 1893, p. 172,) which permits corporations organized for purely manufacturing purposes to be assessed by the local assessor, even though the corporation generates its own electricity used for such heat, light and power.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

GEORGE P. MERRICK, for appellant.

FRANK L. SHEPARD, Assistant County Attorney, (ROBERT S. ILES, County Attorney, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant filed its bill of complaint in the circuit court of Cook county to enjoin the collection of a tax amounting to $774.03, extended upon a valuation of its capital stock and franchise, made by the State Board of Equalization in 1896. Appellees answered the bill, and upon a hearing it was dismissed for want of equity.

The ground upon which the appellant resists the collection of the tax is, that it is organized purely for the purpose of manufacturing electricity, and is therefore exempted from assessment by the State Board of Equalization under the fourth clause of section 3 of chapter 120

of the Revised Statutes, providing that "companies and associations organized for purely manufacturing purposes" shall be assessed by the local assessors in like manner as the property of individuals is required to be assessed. In order to settle this question resort must be had to its charter. In *Distilling Co.* v. *People*, 161 Ill. 101, it was said: "It goes without saying, that the purpose for which a corporation is organized must be ascertained by reference to the terms of its charter." In this case the charter, as certified to by the Secretary of State, was introduced in evidence, and shows the object for which the corporation was formed to be "to furnish light, heat and power for public and private uses." This is not a purely manufacturing purpose. The superintendent of appellant testified that it furnishes electric light and power to the public. Its wires are strung on the streets of the city of Evanston, and it has about seventy or eighty miles of wires. It furnishes electric light to the citizens and to the city. It generates the electricity which it furnishes, but that does not extend the purpose for which the corporation was organized, as stated in its charter. It is not necessary in this case to consider whether a company formed for the purpose of generating or collecting electricity or producing electric light by a current of electricity, and furnishing such light or heat or power for public and private use, could be regarded as a corporation purely for manufacturing purposes. Appellant was not organized for that purpose, but under its charter might furnish light, heat and power procured from some other person or corporation without engaging in the business of generating the electricity at all. It is not exempt under the provision of the statute relied upon, and the bill was properly dismissed.

The decree is affirmed.                    *Decree affirmed.*