MILLER, WATT & Co., Appellee, *vs.* WILLIAM L. O'CONNELL, County Collector, Appellant.

*Opinion filed October 4, 1911.*

TAXES—*local assessor is the authority to assess the capital stock of mercantile corporations.* The Revenue law, as changed since the amendment of 1905, requires the local assessors to assess the capital stock and franchises of companies organized for mercantile or manufacturing purposes or for certain other purposes enumerated therein, while the capital stock and franchises of other companies and associations must be assessed by the State Board of Equalization. (*People* v. *National Box Co.* 248 Ill. 141, and *People* v. *Lewy Bros. Co.* 250 id. 613, followed.)

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

GUSTAVUS J. TATGE, County Attorney, and WILLIAM F. STRUCKMANN, for appellant.

VROMAN, MUNRO & VROMAN, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Appellee, Miller, Watt & Co., a corporation, was organized under the laws of the State of Illinois for mercantile purposes. The State Board of Equalization made for the year 1910 an assessment of the capital stock and franchise of said company in excess of the value of its tangible property, and said assessment was returned to the county clerk of Cook county, who extended the taxes against the same, amounting to $464, and the collector's warrant for the collection of that amount was delivered to appellant. On March 18, 1911, appellee filed its bill of complaint in the superior court of Cook county, alleging that the State Board of Equalization was without jurisdiction to assess said capital stock and franchise and asking that the collection of the tax be permanently enjoined. A general demurrer filed to this bill was overruled and the defendant elected to stand by his demurrer. A decree was entered permanently enjoining the collection of the tax as prayed in the bill. From that decree this appeal has been prayed.

The question at issue in this case is whether the local board of assessors or the State Board of Equalization should assess the capital stock and franchises of mercantile corporations. By section 3 of the Revenue law approved March 30, 1872, the capital stock of all companies and associations created under the laws of the State were to be assessed by the State Board of Equalization. (Laws of 1871-72, p. 2.) This section was amended in 1879 so as

to require companies and associations organized for purely manufacturing purposes, or for printing, or for publishing of newspapers, or for the improving and breeding of stock, to be assessed by the local assessors and the capital stock of all other companies and associations by the State Board of Equalization. (Laws of 1879, p. 251.) The Revenue law was amended in 1893 by adding to the corporations to be assessed by the local assessors, companies and associations organized for the mining and sale of coal. (Laws of 1893, p. 173.) In *The Hub* v. *Hanberg,* 211 Ill. 43, construing the statute as then amended, this court held that it was no violation of the rule of uniformity in taxation that by these provisions of the Revenue law the capital stock and franchises of some corporations were to be assessed by the State Board of Equalization while that of other corporations was to be assessed by local assessors.

At the next session of the legislature the attempt was made to exempt the capital stock of those corporations which had been theretofore assessed by local assessors, and also to exempt the capital stock of mercantile corporations, by amending sections 1, 3, 32 and 108 of the Revenue law. (Laws of 1905, p. 353.) This court held in *Consolidated Coal Co.* v. *Miller,* 236 Ill. 149, that the provisions of this amendment which attempted to exempt from taxation the capital stock of such corporations were unconstitutional and void. In *People* v. *National Box Co.* 248 Ill. 141, and *People* v. *Lewy Bros. Co.* 250 id. 613, it was held that the capital stock of manufacturing and mercantile corporations should be assessed by the local assessors. As construed by those decisions, the Revenue law as changed since the said amendment of 1905 requires the local assessors to assess the capital stock and franchises of companies and associations organized for purely manufacturing and mercantile purposes, or for either of such purposes, or for the mining and sale of coal, or for printing, or for the publishing of newspapers, or for the improving and breeding of stock,

while the capital stock and franchises of all other companies or associations must be assessed by the State Board of Equalization. In other words, the local assessors assess the capital stock and franchises of all corporations and associations that were assessed by them previous to the amendment of 1905, and since that amendment are also required to assess the capital stock and franchises of corporations and associations organized for mercantile purposes.

The decree of the superior court must be affirmed.

*Decree affirmed.*