H. H. KOHLSAAT & CO., Appellee, *vs.* WILLIAM L. O'CON-
NELL, County Treasurer, Appellant.

*Opinion filed October 26, 1912.*

TAXES—*corporation organized to manufacture and sell bakers'
goods is a manufacturing and mercantile corporation.* A corpora-
tion organized to "manufacture and sell, at wholesale and retail,
bakers' goods and restaurant supplies," is a manufacturing and
mercantile corporation within the meaning of the Revenue law,
and the capital stock of such corporation must be assessed by the
local assessor and not by the State Board of Equalization.

APPEAL from the Superior Court of Cook county; the
Hon. RICHARD E. BURKE, Judge, presiding.

FRANCIS S. WILSON, County Attorney, and WILLIAM
F. STRUCKMANN, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee is a corporation organized under the laws of
this State to "manufacture and sell, at wholesale and re-
tail, bakers' goods and restaurant supplies." Its principal
office is in Chicago, where its tangible property was assessed
for the year 1911 by the local assessors. The same year
the State Board of Equalization assessed its capital stock
and franchise in excess of the valuation of such tangible
property. This bill was filed in the superior court of Cook
county to restrain the collection of the tax fixed by the
State board on the ground that said board was without
jurisdiction to impose it. To this bill a general demurrer
was filed and overruled. Appellant electing to stand by its
demurrer, a decree was entered perpetually enjoining the
collection of such tax. This is an appeal from that decree.

Counsel for appellant contend that under its charter
appellee was not organized for "manufacturing purposes,"

because bakers' goods and restaurant supplies are not, in the ordinary sense of the term, manufactured articles, and that it is not a "mercantile" corporation, because it only sells goods manufactured by itself. Both parties concede that if it was organized for either purpose or both purposes the decree was properly entered, (*Miller, Watt & Co.* v. *O'Connell*, 251 Ill. 260,) and that the purpose for which a corporation is organized must be determined from its charter. (*People* v. *Ravenswood Hospital*, 238 Ill. 137.) The bill alleges the purpose of the charter as set out above, and further alleges that the appellee is now engaged in the business it was authorized to carry on by its charter, and none other.

One of the definitions of "manufacture," as given in the Century Dictionary, is, "to make or fabricate, as anything for use, especially in considerable quantities or numbers or by the aid of many hands or of machinery." One of the definitions in Webster's New International Dictionary is, "to make (wares or other products) by hand, by machinery or by other agency." In *Tide-Water Oil Co.* v. *United States,* 171 U. S. 210, the court says (p. 216): "The primary meaning of the word 'manufacture' is something made by hand as distinguished from a natural growth, but as machinery has largely supplanted this primitive method the word is now ordinarily used to denote an article upon the material of which labor has been expended to make the finished product. Ordinarily, the article so manufactured takes a different form or at least subserves a different purpose from the original materials and usually it is given a different name. Raw materials may be, and often are, subjected to successive processes of manufacture, each one of which is complete in itself but several of which may be required to make the final product. Thus, logs are first manufactured into boards, planks, joists, scantlings, etc., and then by entirely different processes are fashioned

into boxes, furniture, doors, window sashes, trimmings, and the thousand and one articles manufactured wholly or in part of wood. The steel spring of a watch is made ultimately from iron ore but by a large number of processes or transformations, each successive step in which is a distinct process of manufacture and for which the article so manufactured receives a different name." In *State* v. *Sugar Refining Co.* 108 La. 603, it was held that a refiner of sugar was a manufacturer, the authorities and definitions being reviewed at length. We are of the opinion that the making of bakers' goods and restaurant supplies is properly termed "manufacturing."

Webster's New International Dictionary gives as one of the definitions of "mercantile," "having to do with, or engaged in, trade, or the buying and selling of commodities." The Standard Dictionary defines "merchandise" as "anything movable, customarily bought and sold for profit." In *Rosenbaum* v. *City of Newbern,* 118 N. C. 83, the court held that "the term 'merchant' embraces all who buy and sell any species of movable goods for gain or profit." (See to the same effect, *In re San Gabriel Sanitorium Co.* 95 Fed. Rep. 271, and cases cited; 5 Words and Phrases, 4477, 4482, and cases cited; 20 Am. & Eng. Ency. of Law,—2d ed.—580, and notes; 27 Cyc. 471.) There is nothing in the definition of a "mercantile" corporation which requires that it shall sell goods manufactured by others than itself. Manifestly, this corporation must be held to be one organized for manufacturing and mercantile purposes, as those terms are used in our revenue statute.

The decree of the superior court must be affirmed.

*Decree affirmed.*