THE CENTRAL UNION TELEPHONE COMPANY, Appellee, vs.
B. H. ONKEN et al. Appellants.

Opinion filed February 16, 1916.

1.. CORPORATIONS—when all of a corporation's property should
be assessed by the local authorities. If a corporation is organized
for purely manufacturing and mercantile purposes or for either of
such purposes, all of its property, including its franchise, is liable
to assessment for taxation by the local authorities, but if it is not
organized for such purposes then its capital stock and franchise
are assessable by the State Board of Equalization.

2. SAME—when the franchise of a telephone company is not
assessable by local assessor. If the main purpose for which a tele-
phone company is organized is the construction or acquiring by
lease or purchase of telephone lines and the operation and main-
tenance of telephone lines and exchanges, its franchise is not as-
sessable by the local assessor, even though one of its declared
objects of organization is the manufacture and sale of telephones
and telephone apparatus.

APPEAL from the Circuit Court of Peoria county; ·the
Hon. JOHN M. NIEHAUS, Judge, presiding.

W. T. WHITING, for appellants.

STEVENS, MILLER & ELLIOTT, (HERRICK, ALLEN &
MARTIN, of counsel,)˙ for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of·
the court:

This is an appeal from a decree of the circuit court of
Peoria county perpetually enjoining the collection of a tax
assessed by the town assessor of the˙Town of the City of
Peoria (its corporate limits and the corporate limits of the
city of Peoria being co-extensive) upon the franchise of
the Central Union Telephone Company, appellee.

The telephone company in the spring of 1914 filed with
the town assessor a schedule of personal property owned by
it. A tax amounting to $18,821 was extended against the

valuation of this property and was paid. After the filing of the schedule of the company's personal property the assessor assessed its franchise at a value of $50,000, and a tax was extended against this assessment, amounting to $930.70. This tax the telephone company declined to pay, and filed a bill to enjoin its collection on the ground that the assessor of the Town of the City of Peoria had no authority or jurisdiction to assess the franchises of the corporation, but that if said franchises were taxable the assessment could only be made by and through the instrumentality of the State Board of Equalization. The bill set out the charter of the corporation as an exhibit. The defense set up and relied upon in the answer was that the Central Union Telephone Company was organized for manufacturing and mercantile purposes and is subject to the laws for assessment and taxation governing such corporations. Upon a hearing the chancellor sustained the bill, held the telephone company was not organized for purely manufacturing or mercantile purposes or for either of said purposes, and that the assessor of the Town of the City of Peoria had no right or authority to levy or assess any tax or imposition upon the franchise of the corporation, and that the tax so assessed by said assessor was null and void. It was therefore ordered that the temporary injunction previously granted be made perpetual and the tax authorities permanently restrained from collecting the tax.

Among other things it was stipulated between the parties on the hearing that the objects and purposes of the corporation as set forth in its charter are as follows: "The object for which it is formed is to manufacture and sell telephones and all apparatus pertaining thereto, and to construct, acquire by purchase, lease or otherwise own and operate telephones, telephone exchanges, telephone and telegraph lines and offices, and all rights, franchises, patents, machinery and apparatus pertaining thereto, and to sell, lease or otherwise dispose of the same or any part thereof,

and to acquire, own and dispose of stock in other corporations, and generally to transmit and receive signals by electricity for all purposes, and to do a telephone, telegraph and district telegraph business, either wholly within or wholly without, or partly within and partly without, the State of Illinois." It was further stipulated that pursuant to its charter powers the corporation has acquired, constructed and is now operating telephone lines and exchanges in Illinois, Indiana and Ohio; that it is conducting an inter-State and intra-State business; that by authority of ordinances of the respective municipalities it is conducting a telephone and exchange business in fifty-five or more cities and towns in Illinois, including the city of Peoria and the whole county of Peoria; that the corporation has never done any commercial telegraph business nor held itself out as prepared to do any such business; that no tax was assessed by the State. Board of Equalization upon the franchise of appellee for the year 1914.

Counsel for appellants say the only question to be determined is whether the local assessor had the right and authority to assess the franchise of appellee. The decision of that question depends upon a determination whether appellee was incorporated "for purely manufacturing and mercantile purposes or for either of such purposes." If it was, all its property, including its franchise, was liable to assessment for taxation by the local authorities. If it was not, then its capital stock and franchise were assessable for taxation by the State Board of Equalization only, and the tax extended on the assessment of appellee's franchise by the local assessor is invalid and its collection properly enjoined. *People* v. *National Box Co.* 248 Ill. 141; *People* v. *Lewy Bros. Co.* 250 id. 613; *Miller, Watt & Co.* v. *O'Connell,* 251 id. 260.

Whether a corporation is organized purely for manufacturing and mercantile purposes, or for either of such purposes, is to be determined from a consideration of the

language of its charter and the language of the statute. It is stipulated that in pursuance to its objects and purposes and its charter powers appellee is now operating telephone lines in three States, has exchanges in fifty-five or more cities and towns in Illinois and is doing an inter-State and intra-State business. In our opinion it cannot be said appellee was organized for purely manufacturing or mercantile purposes. It is true, one of the objects of its organization mentioned is the manufacture and sale of telephones and apparatus pertaining thereto, but it is perfectly evident that its larger purpose was the construction or acquiring by lease or purchase, and the operation, of telephones, telephone exchanges and lines, which, it is stipulated, it is now doing in three States.

Whether the objects of a corporation set forth in its charter should be construed to make it a manufacturing corporation, within the meaning of the statute, was considered in *Distilling and Cattle Feeding Co.* v. *People*, 161 Ill. 101. The corporation in that case was organized to carry on a general business of distilling and rectifying highwines, alcohol, spirits, gins and whiskies of every kind and description and deal in the same, also to engage in feeding and dealing in cattle and other live stock. The capital stock of the corporation was assessed by the State Board of Equalization, and it resisted payment of the tax on the ground that it was organized purely for manufacturing purposes and the State board had no authority to assess it. The court said it was clear from its charter that the corporation was not organized for purely manufacturing purposes. The court further said: "We think that upon a fair construction of the charter the appellant company was not organized for purely manufacturing purposes but for other purposes distinct and separate from pure manufacturing, and that therefore its capital stock was subject to taxation by the State Board of Equalization." *Evanston Electric Illuminating Co.* v. *Kochersperger*, 175 Ill. 26, and *Moline*

271 — 41

*Water Power Co.* v. *Cox,* 252 id. 348, are directly in point and in harmony with the case last above cited. *Kohlsaat & Co.* v. *O'Connell,* 255 Ill. 271, *People* v. *Federal Security Co.* id. 561, and other like cases cited and relied upon by appellants, are not in conflict with the cases we have above cited and afford no authority to sustain the proposition contended for by appellants in this case.

The decree of the circuit court is correct and it is affirmed.

*Decree affirmed.*