(No. 14516.—Reversed and remanded.)

THE PEOPLE *ex rel.* T. W. Mercer, County Collector, Appellant, *vs.* THE WYANET ELECTRIC LIGHT COMPANY, Appellee.

*Opinion filed December 19, 1922—Rehearing denied Feb. 7, 1923.*

1. TAXES—*purpose of organization of corporation must be determined by charter in assessing capital stock tax.* In determining whether the capital stock of a corporation should not be taxed because it is organized for purely manufacturing or mercantile purposes, as provided in paragraph 4 of section 3 of the Revenue act, the court must look to the charter of the corporation.

2. SAME—*an electric light company is subject to capital stock tax as a public utility.* An electric light company organized for the purpose of producing or buying electricity and delivering the same over its wires to customers for lighting purposes for profit is not

a purely manufacturing or mercantile corporation within the meaning of paragraph 4 of section 3 of the Revenue act but is a public utility, and its capital stock and franchise may be assessed for taxation by the tax commission.

3. WORDS AND PHRASES—*definition of the word "merchandise."* Merchandise may be defined as any movable object of trade or traffic which is passed from hand to hand by purchase or sale, or any commodity which may be bought and sold for gain.

4. RES JUDICATA—*former judgment, to operate as an estoppel by verdict, must have decided same issue as raised in pending case.* In order that a former judgment may operate as an estoppel by verdict where more than one issue was presented to the court it must clearly appear that the issue upon which the judgment was rendered was the same as is raised in the pending case.

5. SAME—*when res judicata or estoppel by verdict cannot be applied in proceeding to collect taxes.* Where the objections in a tax proceeding raise the issues that the property was not taxable and also that the assessment was void because made without notice or a hearing, a judgment merely sustaining the objections without making any finding as to the facts in issue will not operate, in a proceeding to collect the tax levied in a subsequent year, as an estoppel by verdict or *res judicata* on the questions of fact involved in the issue as to whether the property is taxable.

6. APPEALS AND ERRORS—*People may appeal from judgment sustaining objections to taxes.* Under sections 97 and 98 of the Practice act and section 192 of the Revenue act, the People, or any municipality interested in a judgment for taxes, have the right of appeal from a judgment sustaining objections to the county collector's proceeding for delinquent taxes.

APPEAL from the County Court of Bureau county; the Hon. J. R. PRICHARD, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, CAREY R. JOHNSON, State's Attorney, and CLARENCE N. BOORD, for appellant.

CLAUDE BROWN, and HARRY E. BROWN, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The county court of Bureau county sustained objections of appellee, the Wyanet Electric Light Company, to an application of the county collector for judgment and order of

sale for taxes for the year 1920. The tax is a capital stock tax and amounts to $137.28. Appellee filed the statement required with the tax commission, and the commission assessed its capital stock at $2000. Appellee applied for a review, claiming that its tangible property had been assessed by the local assessors; that it is a corporation engaged solely in the business of buying and selling electric current; that it does not manufacture or make the current and is therefore a purely mercantile corporation; and that if its capital stock is assessed it will result in double taxation. The tax commission fixed a day for the hearing and notified appellee of the hearing, but no one appeared for appellee and the commission affirmed the assessment. The tax objected to was extended by virtue of that assessment.

Appellee objected to judgment in the county court for the tax upon two grounds: (1) That it is organized for purely manufacturing and mercantile purposes and that therefore its capital stock is not assessable by the tax commission; (2) that at the June term, 1919, the county collector made application to the county court for judgment for taxes levied on a capital stock assessment of appellee's capital stock; that appellee objected to the tax, and judgment therefor, on the same ground now raised by its first objection and that the county court denied judgment for the tax; that said judgment was not appealed from, is final, and is *res judicata* of the right of the tax commission to assess the capital stock of appellee.

The object for which appellee was incorporated is, as stated in the application for incorporation, "to own and to operate an electric light, heating and power plant for profit." The proof shows that since 1917 appellee has not produced electric current but has been engaged in buying electricity from the Spring Valley Utilities Company, distributing it over its own poles and wires and furnishing it to customers in the village of Wyanet. It made reports to the Public Utilities Commission and filed its schedule of rates. It is

recognized as a public utility and it concedes that it is such a utility, and it has had its rates regulated and controlled by the Public Utilities Commission of this State.

It was stipulated in the record that appellee waived all irregularities in the proceedings prior to and including application for judgment, that the State has made a *prima facie* case, and that the only objections to be urged on the hearing were the two objections above stated and which were filed before the county court.

Appellee claims that the business in which it was actually engaged at the time of the assessment of the tax is the controlling fact that determines the class of corporations to which it belongs for the purposes of this suit, while appellant makes the contention that the thing which determines and controls that question is the charter which gave it life. We think that the appellant's contention must be sustained. The section of the statute under which the parties make their respective claims is paragraph 4 of section 3 of the Revenue act, which provides as follows: "The capital stock of all companies and associations now or hereafter created under the laws of this State, except companies and associations organized for purely manufacturing and mercantile purposes or for either of such purposes, or for the mining and sale of coal, or for printing, or for the publishing of newspapers, or for the improving and breeding of stock, shall be so valued by the State Board of Equalization as to ascertain and determine respectively, the fair cash value of such capital stock, including the franchise over and above the assessed value of the tangible property of such company or association, such board shall adopt such rules and principles for ascertaining the fair cash value of such capital stock as to it may seem equitable and just." (Hurd's Stat. 1921, p. 2654.)

The real question in this case is whether or not appellee was organized for purely manufacturing and mercantile purposes or for either of such purposes, and in deciding

that question we must look to its charter. (*Evanston Illuminating Co.* v. *Kochersperger,* 175 Ill. 26; *Central Union Tel. Co.* v. *Onken,* 271 id. 638.) We do not think that appellee can be considered as having been organized for purely manufacturing and mercantile purposes, or for either of such purposes, within the meaning of the statute. An electric light plant organized for the purpose of producing electricity and delivering the same over its wires and poles to its customers for lighting purposes for profit might under some of the definitions given be considered as a manufacturing corporation and also as one engaged for mercantile purposes, but it certainly could not be considered as a corporation organized purely for either of said purposes under the definitions of manufacturing and of merchandise, as those terms are ordinarily understood. Appellee belongs to the class of corporations ordinarily known and referred to as public utilities. Such corporations form a particular class by themselves and are regulated by special provisions of our statute known as the Public Utilities act. Merchandise is defined in general as "any movable object of trade or traffic; that which is passed from hand to hand by purchase or sale; specifically the object of commerce; a commercial commodity or commercial commodities in general; the staple of a mercantile business; commodities, goods or wares bought and sold for gain." (Century Dict.) Corporations for purely mercantile purposes are well understood by the people in general. They form quite a large class of corporations and are very different in character from corporations known as public utilities. The same line of reasoning follows when we consider whether or not an electric light plant is organized for purely manufacturing purposes, and we have no hesitancy in saying that the appellee was not organized for purely manufacturing purposes within the meaning of such statute. Other States have made similar holdings that an electric light company is not a manufacturing industry or company within the meaning of taxing laws.

(*Frederick Electric Light Co.* v. *Frederick City,* 84 Md. 599; *Commonwealth* v. *Northern Electric Light Co.* 145 Pa. St. 105.) Such a company has also been held under the Bankruptcy act to be a public service corporation, and not principally, if at all, engaged in trading or mercantile pursuits. (*In re Hudson River Electric Power Co.* 173 Fed. 934.) This court has heretofore decided that the capital stock and franchise of a corporation organized "to furnish light, heat and power for public and private uses" is properly assessed by the tax commission or by its predecessor, the State Board of Equalization. (*Evanston Illuminating Co.* v. *Kochersperger, supra.*) In determining this question it does not matter whether such company manufactures or simply buys and furnishes electricity for light, heat and power.

The doctrine of *res judicata* or estoppel by verdict can not be applied in this case. In the case adjudicated in the county court in 1919 the record shows two separate and distinct grounds of objection were made. The first objection was, in substance, the same as appellee made in the county court in this case, already stated in this opinion and numbered (1). The second objection made in 1919 was, in substance, that the tax or assessment against the capital stock was made by the State Board of Equalization without notice of any kind or character to this appellee, and that no hearing of any kind was granted to it upon the assessment of the stock, and that the assessment was void, etc. Several other companies made objections to the same taxes at the same time, and the county court rendered its judgment in the following language: "It is therefore ordered, adjudged and decreed that the objections heretofore filed by the said Spring Valley Utilities Company, Wyanet Grain Company, Wyanet Electric Light Company, Brown Bros. Construction Company and Tiskilwa Electric Light Company, to the rendition of judgment against the properties of said objectors, be and the same are hereby sustained in ac-

cordance with the following statement." Following these words is a statement of the amount of taxes for each company to which objection was sustained by the court in said order. This exposition of the record shows that the county court made no specific finding of fact to the effect that appellee is a corporation organized for purely manufacturing and mercantile purposes or for either of such purposes, and there is no specific finding of any fact in that record that is a material and controlling fact in that record and also in this record. The record is not aided in this particular by parol evidence, therefore there can be no estoppel by judgment or by verdict in this case. It is absolutely necessary in order that a former judgment should operate as an estoppel by verdict that there shall have been a finding of a specific fact in such former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on this point by reason of the fact that more than one distinct issue of fact is presented to the court the estoppel will not be applied, and for the reason that the court may have decided it upon one of the other issues of fact. *Chicago Theological Seminary* v. *People,* 189 Ill. 439; *Kitson* v. *Farwell,* 132 id. 327; *Sawyer* v. *Nelson,* 160 id. 629.

The right of appeal must be reciprocal, otherwise the statute granting the appeal in this case would be void and unconstitutional. (*Hayward* v. *Sencenbaugh,* 235 Ill. 580; *People* v. *Sholem,* 238 id. 203.) Under a reasonable construction of sections 97 and 98 of our Practice act and section 192 of the Revenue act the people, or any municipality interested in the judgment for taxes appealed from, also have the right of appeal in this class of cases. Therefore the motion of appellee to dismiss the appeal in this case is denied.

For the reasons aforesaid the judgment of the county court is reversed and the cause remanded, with directions to enter up the usual judgment and order for the taxes that is rendered in such case where the objections are overruled.

*Reversed and remanded, with directions.*