(No. 35012.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
CHAS. LEVY CIRCULATING COMPANY, Appellee.

*Opinion filed September 24, 1959.*

BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRANCIS X. RILEY, and EDWARD J. HLADIS, Assistant State's Attorneys, of counsel,) for appellant.

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, (THOMAS M. THOMAS, THOMAS F. DEAN, and FREDERICK W. TEMPLE, of counsel,) for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

The State of Illinois appeals directly to this court from a judgment order of the circuit court of Cook County sustaining the objections of defendant Chas. Levy Circulating Company to a personal property assessment of its capital stock for tax purposes by the Department of Revenue for 1954.

Since this case relates to revenue, this appeal is properly a direct appeal to this court under section 75 of the Civil Practice Act. Ill. Rev. Stat. 1957, chap. 110, par. 75(1)(b).

The defendant corporation was incorporated under the laws of the State of Illinois on January 29, 1924, for the following stated purposes: "to conduct and carry on the business of wholesale newspaper and magazine distributor;

to buy, sell and generally deal in newspapers, magazines, books and other publications; to own, equip, maintain and operate vehicles, wagons, carriages, cabs, trucks and automobiles, by which to transfer, transport, convey, haul and distribute newspapers, magazines, books and other publications, baggage, boxes, parcels and goods, wares and merchandise of every description; to conduct and carry on a general transfer business; to own, operate and conduct garages and stables; to buy, sell and generally deal in goods, wares and merchandise of every kind and description." No change in the originally stated purpose has ever been made.

For the year 1954 the Department of Revenue assessed defendant's capital stock in the amount of $375,000. Plaintiff filed its complaint seeking recovery of taxes in the amount of $14,310 with interest and penalties, including $1,076.43 tax on tangible property assessed by the Cook County assessor. At the hearing defendant objected to assessment of its capital stock on the ground that it is organized for a purely mercantile purpose. The trial court sustained such objection and entered judgment for tax on the tangible property only in the amount of $1,076.43.

Plaintiff contends on this appeal that defendant is not organized for a purely mercantile purpose and that the capital stock assessment by the Department of Revenue is valid. Defendant contends that it is organized for purely mercantile purposes within the meaning of the statute and that plaintiff is estopped by prior verdict from contending otherwise. Plaintiff in its reply brief asserts that the record does not warrant such defense of estoppel and that, if applicable, such defense doctrine should be re-examined and modified so as not to apply to matters involving the public revenue.

An examination of the record in this case discloses no written, formal objections by defendant to the assessment to have been filed in court, but the matter was heard on

defendant's oral objections to the assessment in open court. The trial court hearing was held before the same trial judge who had heard similar proceedings by the same parties in prior years. The sole witness for defendant was an attorney who, after being sworn, stated the objection to assessment by the Department of Revenue, and testified that the same objection had been made and sustained by the court in several previous cases, being cases Nos. 54-C-8311, 53-C-6704, and 46-C-10215 in the circuit court of Cook County, and three others in the superior court of Cook County. The court then specifically inquired if the defendant had anything it wished to offer in evidence. Certain copies of income tax returns and corporate records were offered but no records of the prior cases referred to were offered in evidence.

Section 130(6) of the Revenue Act of 1939, as amended June 30, 1943, (Ill. Rev. Stat. 1957, chap. 120, par. 611(6), so far as pertinent, provides: "The Department shall: * * * (6) Assess, and value, in the manner provided by law, the capital stock, including the franchise of all companies or associations incorporated under the laws of this State, except companies and associations organized for purely manufacturing and mercantile purposes, or for either of such purposes."

The defendant relies, not upon the general statutory provision, but upon the exception therein. It is a rule of general acceptance as to the construction of statutes, that exceptions or provisos found in a statute are to be strictly construed. *People ex rel. Bowen* v. *Hughes,* 370 Ill. 255, 258.

The term "mercantile" means the buying and selling of commodities for profit. (*Kohlsaat & Co.* v. *O'Connell,* 255 Ill. 271; *People ex rel. Mercer* v. *Wyanet Electric Light Co.* 306 Ill. 377.) Prior decisions of this court hold that a corporation must be organized exclusively for a manufacturing

or a mercantile purpose in order that its capital stock be excepted from assessment by the Department of Revenue. The presence of any other purpose, separate and distinct therefrom, withdraws the corporation from the excepted class. The determination of this question is governed by the terms of the corporate charter. *Distilling and Cattle Feeding Co. v. People ex rel. Barnewolt,* 161 Ill. 101; *Evanston Electric Illuminating Co. v. Kochersperger,* 175 Ill. 26; *People ex rel. Mercer v. Wyanet Electric Light Co.* 306 Ill. 377; *Central Union Telephone Co. v. Onken,* 271 Ill. 638.

A reading of defendant's corporate charter discloses authority in the broadest language to operate a general transfer business as well as a garage and stable service, which are clearly service businesses unrelated to the newspaper and magazine business. This is authority to engage in other than "purely manufacturing and mercantile purposes." Unless the State is estopped by prior verdict, defendant is subject to assessment for capital stock purposes by the Department of Revenue.

The defendant asserts that the issues raised in the prior cases and there decided by the trial court were identical with the issues in the case at bar, that there have been no changes in the factual situation since then, and that plaintiff is estopped by the verdicts in the prior cases to claim that defendant is assessable by the Department of Revenue as a corporation organized for other than exclusively mercantile purposes. In support of such position, defendant relies on the decision of this court in *People ex rel. Carr v. Psi Upsilon Fraternity,* 324 Ill. 540.

Plaintiff argues that the record does not warrant such defense of estoppel, but its main contention is that such defense doctrine should be re-examined and modified on the theory that the defense of estoppel by verdict is not available in cases involving public revenue as a matter contrary to public policy.

In the *Psi Upsilon case* this court stated that the issues
and facts therein presented a clear case for applying the
rule of estoppel by verdict and that it was unnecessary to
quote from the many cases, citing a few of them. We then
stated in that case, without qualification, that a judgment
sustaining objections to the collection of taxes is conclusive
in an action to collect taxes for subsequent years where the
property was adjudicated exempt on the same grounds and
there has been no change, citing *People ex rel. Smith* v.
*Locklin,* 273 Ill. 106, and cases from other jurisdictions.
The only authority cited and relied on by the county col-
lector in such case was *Chicago Theological Seminary* v.
*People ex rel. Raymond,* 189 Ill. 439. An examination of
all the Illinois authorities cited in the *Psi Upsilon case* dis-
closes no consideration by the court in any of such cases
of the argument here presented, but merely a consideration
of the general principles of estoppel by verdict. Therefore,
it is incumbent on us to examine the validity of the plain-
tiff's argument in this respect, since the *Psi Upsilon case*
and apparently the arguments there made and authorities
cited and relied upon did not touch upon limitation of the
general doctrine of estoppel by verdict as applied to gov-
ernmental bodies and matters affecting the public revenue.

The principles generally applicable to and underlying
the doctrine of estoppel by verdict, without consideration
of any limitations, were well stated in *Harding Co.* v. *Hard-
ing,* 352 Ill. 417, at page 426 *et seq.* as follows: "Where
the former adjudication is relied on as an absolute bar to
a subsequent action, it must be shown that the cause of
action, the thing to be recovered and the parties are the
same in both proceedings. The principle of *res judicata*
applies, however, to cases where, although the cause of
action is not the same, some fact or question has been
determined and adjudicated in a former suit and the same
fact or question is again put in issue in a subsequent suit
between the same parties. In such cases the determination

in the former suit of the fact or question, if properly presented and relied on, will be held conclusive on the parties in the later suit, regardless of the identity of the cause of action, or the lack of it, in the two suits. When the second action between the same parties is upon a different cause of action, claim or demand, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined and not as to other matters which might have been litigated and determined. In such cases the inquiry must always be as to the point or question actually litigated and determined in the original action, the burden of proof is on him who invokes the estoppel, and extrinsic and parol evidence is admissible to prove that the precise question in the second case was raised and determined in the first. (*City of Chicago* v. *Cameron*, 120 Ill. 447; *Wright* v. *Griffey, supra; Hanna* v. *Read*, 102 Ill. 596; *Sawyer* v. *Nelson*, 160 id. 629; *Young* v. *People*, 171 id. 299; *Stone* v. *Salisbury*, 209 id. 56.) This principle is sometimes called estoppel by verdict, and the estoppel is equally available to either party, the plaintiff in support of his action or the defendant of his defense, when the circumstances warrant it. Whether the adjudication relied on as an estoppel goes to a single question or all the questions involved in the case, the fundamental principle upon which it is allowed is that justice and public policy alike demand that a matter, whether consisting of one or many questions, which has been solemnly adjudicated in a court of competent jurisdiction shall be deemed finally and conclusively settled in any subsequent litigation between the same parties where the same question or questions arise, except where the litigation is a direct proceeding for the purpose of reversing or setting aside such adjudication. *Markley* v. *People, supra; Hanna* v. *Read, supra; Tilley* v. *Bridges*, 105 Ill. 336; *Potter* v. *Clapp*, 203 id. 592; *Merrifield* v. *Canal Comrs.* 212 id. 456; *City of Chicago* v. *Partridge*, 248 id. 442; *Chicago Terminal*

*Railroad Co.* v. *Barrett,* 252 id. 86; *Healea* v. *Verne,* 343 id. 325."

In *People* v. *Bradford,* 372 Ill. 63, in a suit by the State of Illinois where a public officer was held liable for the loss of public funds deposited in an insolvent bank, it was held that the doctrine of estoppel is not applicable to the State. In so holding, the prior Illinois decisions of *People* v. *Brown,* 67 Ill. 435, *People ex rel. Smith* v. *Woods,* 354 Ill. 224, and *People* v. *Illinois Women's Athletic Club,* 360 Ill. 577, were cited and discussed, and the following conclusion made at p. 68: "We have never held the State estopped, and have never held a municipal corporation estopped in a case involving its revenues."

Although the latter statement is apparently an erroneous conclusion in view of the *Psi Upsilon case,* the principle reflected in the *Bradford case* cannot be ignored in view of the failure of the *Psi Upsilon case* to consider the problem.

Again, in *Clare* v. *Bell,* 378 Ill. 128, this court specifically held that public policy forbids the application of the doctrine of estoppel to a sovereign State where the public revenues are involved, and that the doctrine of equitable estoppel does not apply to a county which is a mere political subdivision of the State, particularly in the collection of its revenues by taxation, relying on the same decisions as in the *Braford case.*

In *Chicago Historical Society* v. *Paschen,* 9 Ill.2d 378, the *Psi Upsilon case* relied on by the plaintiffs, and a second *Psi Upsilon case,* (*People ex rel. Harding* v. *Psi Upsilon Fraternity,* 335 Ill. 317,) was referred to, but the opinion specifically states (p. 381) that the court was not "called upon to review the soundness of the rulings in the *Psi Upsilon cases.* In those cases there was no suggestion that the issues in the later cases differed significantly from those in the first case." In the *Chicago Historical Society case* no showing was made that the issues raised were presented and determined in the earlier case, so that the *Psi*

*Upsilon case* was not applicable. In the instant case we are of the opinion that the issues raised in the instant case were presented and determined in the prior cases sufficiently to require a review of the soundness of the rulings in the *Psi Upsilon cases.*

From the Illinois decisions heretofore referred to, it clearly appears that this court in deciding the *Psi Upsilon* cases did not have presented to it and did not consider the limitation in Illinois on the general rule of estoppel by verdict, or equitable estoppel, that such general doctrine does not apply to the State or a county in the collection of its revenues by taxation.

A comprehensive comment note on the applicability of the doctrine of estoppel against government and its governmental agencies appearing in 1 ALR 2d, p. 338 *et seq.*, indicates that this Illinois limitation is in line with the weight of authority generally. Without citing the supporting authorities, the general limitation as stated at p. 340 of said comment is: "As a general rule the doctrine of estoppel will not be applied against the public, the United States government, or the state governments, where the application of that doctrine would encroach upon the sovereignty of the government and interfere with the proper discharge of governmental duties, and with the functioning of the government, or curtail the exercise of its police power; or where the application of the doctrine would frustrate the purpose of the laws of the United States or thwart its public policy; or where the officials on whose conduct or acts estoppel is sought to be predicated, acted wholly beyond their power and authority, were guilty of illegal or fraudulent acts, or of unauthorized admissions, conduct or statements; or where the public revenues are involved. The principles of equitable estoppel cannot be applied to deprive

the public of the protection of a statute because of the mistaken action or lack of action on the part of public officials."

From the foregoing, we conclude that since the public revenue is involved, the State is not estopped by the prior verdicts of the trial courts in Cook County from asserting the right to assess defendant for capital stock tax purposes through its Department of Revenue. To the extent the *Psi Upsilon* cases may be in conflict with such holding, they are overruled.

. .The trial court should have overruled the objections. of defendant to the. assessment of its capital stock for · tax purposes by the Department of Revenue. Accordingly, the judgment of the trial court is reversed insofar as it sustained such objection.

*Judgment reversed.*